**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-214 (RCL)** |
| | : | |
| **ANTHONY MICHAEL MAZZIO, JR.,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum respecting the Court's resentencing of Defendant Anthony Michael Mazzio, Jr. ("Defendant" or "Mazzio"), currently scheduled for January 31, 2024.  (ECF Notice of Hearing, January 12, 2024.)

**I.       Factual Background**

The Court is well familiar with Mazzio's conduct before, during and following January 6. The Government incorporates by reference its discussion of the factual background laid out in the plea agreement Statement of Offense (ECF 27), the government's original sentencing memorandum (ECF 33), and the Presentence Report (ECF 31).  The Government presents the following condensed recitation of that background for the Court's convenience.

- Mazzio traveled from Alabama to Washington, D.C. adorned in body armor, a gas mask, and camouflage fatigues, and entered the Capitol, despite seeing tear gas and rubber bullets.

- Mazzio entered the sensitive area of then-Speaker Nancy Pelosi's office suite; there he banged on one of the doors to an internal room.

- Inside the Capitol, Mazzio made statements to a reporter regarding the need to "take a stand" and wanting "these people to be held accountable."

- Mazzio stayed inside the Capitol for approximately one hour.

1

- After January 6, 2021, Mazzio joined a group known as "Three Percenters" (a.k.a. "III%ers" or "threepers").

- During his post-arrest interview, Mazzio demonstrated a lack of remorse.

*See* ECF 27 at 3-4; *see also* ECF 33 at 2, 3-11; *see also* ECF 31 at 4-5.

## II.      Procedural Background

On March 22, 2022, the Government filed a Complaint that charged Mazzio with violating 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G).  (ECF 1.)  On April 4, 2022, FBI agents arrested Mazzio at his home in Alabama.  (ECF 5.)  On June 13, 2022, the Government filed a one-count Information that charged Mazzio with violating 40 U.S.C. § 5104(e)(2)(G).  (ECF 20.)  On June 24, 2022, Mazzio pleaded guilty to Count One of the Information, which charged Mazzio with violating 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building.  That crime carries a sentence of six months in prison, a fine, or both.  *Id.* § 5109(b).  As an alternative sentence, a court may sentence a defendant to up to five years of probation, with or without a fine.  18 U.S.C. §§ 3551(b), 3561(c)(2).

Pursuant to Paragraph 11 of the Plea Agreement, Mazzio agreed to pay $500 in restitution to the Architect of the Capitol through Clerk of the Court.  (ECF 26 at 6.)

This Court held a sentencing hearing on October 5, 2022, and imposed judgment on that date.  In its judgment, the Court accepted the plea to Count One of the Information, and ordered:

- A term of imprisonment of 60 days;

- A term of probation of 36 months (3 years); and

- Restitution of $500 (interest waived) and a special assessment of $10.

(ECF 41.)  This Court authorized supervision of this case to be transferred to the United States District Court for the Middle District of Alabama.  *Id.* at 5.[1]

Mazzio appealed.  (ECF 45.)  The parties agreed the case should be remanded to the District Court for resentencing.[2]  On January 8, 2024, this Court received a mandate to resentence Mazzio.  (ECF 49.)  The Court scheduled Mazzio's re-sentencing for January 31, 2024.

### III.    This Court May Impose Any Lawful Sentence At The Resentencing

The D.C. Circuit held that a defendant convicted of a single petty offense may not be sentenced both to imprisonment and to probation for that offense. *United States v. Little*, 78 F.4th 453, 454 (D.C. Cir. 2023).  Therefore, Mazzio's prior sentence has been vacated.  Currently, there is no sentence in force; resentencing is mandatory, and the imposition of a lawful sentence is required.  *See, e.g.*, *United States v. Hernandez*, 604 F.3d 48, 54 (2d Cir. 2010) ("The original sentence had been vacated; accordingly, the district court was required to resentence [the defendant]."); *see also United States v. Hinds*, 713 F.3d 1303, 1305 (11th Cir. 2013) (". . . when a sentence is vacated, there is no sentence in effect and resentencing is required.") (citation omitted).

In the Government's view there are three possible options available to the Court:

*First*, the Court may impose a term of probation or incarceration equal to the amount of time already served on probation or incarceration, resulting in Mazzio's release.

---

[1] The Government represents that it has inquired with the probation office overseeing Mazzio's probation, and that office reports that there have been no violations of probation; Mazzio has paid restitution and special assessment; remained employed; and passed all drug screening tests. According to his probation officer, Mazzio's probation commenced on March 1, 2023 and was scheduled to end on February 28, 2026.  The assigned probation officer has informed the Government that he intends to seek early termination of Mazzio's supervision.

[2] Based on the decision in *United States v. Little*, 78 F.4th 453, 454, 461 (D.C. Cir. 2023), where the Circuit held a split sentence was unlawful and remanded *Little* for resentencing, the same was appropriate in the case at hand.

*Second*, the Court may impose a term of probation longer than the time already served on probation with credit for time already served on probation and additional credit for time spent incarcerated.  In terms of the credit for time previously served on probation, the credit would be one-for-one.  In terms of crediting time incarcerated to time sentenced on probation, this Court should follow its announced plan in *United States v. Little* to "use its judgment to select an appropriate fact-sensitive ratio based on 'the specific conditions of [the defendant's] probation and the effect of a sentence reduction on the underlying purposes of the Guidelines as set out in 18 U.S.C. 3553(a).'"  No. 21-CR-315-RCL, 2024 WL 181260, at *6 (D.D.C. Jan. 17, 2024) (quoting *United States v. Martin*, 363 F.3d 25, 39 (1st Cir. 2004)).

The term of probation may include additional conditions of probation. The term of probation may also include a period of intermittent confinement during the first year of the newly imposed probation sentence, 18 U.S.C. § 3563(b)(10), or any other discretionary condition provided for by statute.  *See, generally*, 18 U.S.C. § 3563(b).

*Third*, the Court may impose a term of incarceration longer than the previously served term of incarceration, with credit for that term and additional credit for time spent on probation.  In terms of the credit for the prior period of incarceration, the credit would be one-to-one.  For the period spent on probation, the Court would conduct the fact-based inquiry discussed above and determine a credit less than one-to-one and apply that credit to the sentence.[3]

---

[3] The resentencing in *Little* is instructive. Little was originally sentenced to a split sentence of 60 days' imprisonment and 36 months' probation. At the time of resentencing, after remand from the D.C. Circuit, Little had completed his term of imprisonment and approximately 18 months of probation. Due in large part to his non-compliance with the terms and conditions of his probation and social media posts demonstrating a clear lack of remorse, the Court imposed a prison sentence of 150 days at Little's resentencing. *See Little*, No. 21-CR-315-RCL, Minute Entry for Resentencing (Jan. 25, 2024); *see also Little*, 21-CR-315-RCL, ECF 73 (Notes for Resentencing). The Court credited the 60 days of incarceration that Little previously served and gave an additional

**IV.      The Court Should Resentence Mazzio Based on the § 3553 Factors.**

The overall purpose of the resentencing inquiry, here, like an original sentencing, is to ensure that the sentence is "sufficient, but not greater than necessary, to fulfill the purposes of [18 U.S.C.] § 3553(a)." *United States v. Palmer*, 2023 WL 2265255, at *4 (D.D.C. Feb. 28, 2023) (cited authorities omitted); *see also Little*, No. 21-CR-315-RCL, 2024 WL 181260, at *2 n.1 ("whenever the Court imposes a sentence, it must carefully consider the factors provided in 18 U.S.C. § 3553(a)").  The Court imposed the original sentence after careful consideration of the 18 U.S.C. § 3553(a) factors.  And while the D.C. Circuit found in *Little* that split sentences are unlawful, it did not set aside this Court's analysis of the sentencing factors, in *Little*.  Indeed, in *Little* and in the case at hand, the Court properly reached a determination as to the impact, effect, and intent of the sentence it believed was appropriate under 18 U.S.C. § 3553(a).

The Court should resentence Mazzio to a lawful sentence that effectuates the intent and effect of the original sentence imposed.  Originally, this Court sentenced Mazzio to a term of 60 days of incarceration and a period of probation of 36 months.

The Government recommends the Court consider sentencing Mazzio to a term of probation[4] that will, including any credit for prior probation and incarceration, comport with the Court's original intention of Mazzio serving three years of probation.  Such a sentence would be "sufficient, but not greater than necessary to comply with the purposes [of the sentencing statute]," 18 U.S.C. § 3553(a), and would effectuate the intent and effect of the original sentence.

---

30 days of credit against the new sentence for the 18 months of probation already served. Thus, after accounting for 90 days of credit for time previously served, Little will serve an additional 60 days of prison under the lawful sentence imposed at resentencing.

[4] Mazzio, unlike Little, has thus far complied with the terms of his probation and made no known social media posts.

**V.      Conclusion**

For the reasons set forth above, the government respectfully requests that the Court

resentence Defendant in accordance with the statutory sentencing factors.

> Respectfully submitted,
>
> MATTHEW M. GRAVES
> United States Attorney
> DC Bar No. 481052
>
>
> By:      */s/ Jacqueline Schesnol*
> Assistant United States Attorney
> JACQUELINE SCHESNOL

## <u>CERTIFICATE OF SERVICE</u>

On this 26th day of January 2024, a copy of the foregoing was served upon all parties via the Electronic Case Filing (ECF) System.

*/s/ Jacqueline Schesnol*
Assistant United States Attorney
JACQUELINE SCHESNOL