UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-cr-214 (RCL) |
| : | |
| ANTHONY MICHAEL MAZZIO, JR., : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
REQUEST FOR EARLY TERMINATION OF PROBATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully respond to Defendant Anthony Michael Mazzio, Jr. ("Defendant" or "Mazzio") request for early termination of his supervised release. (ECF 54.) The United State opposes early termination.

**I.      Factual Background**

The Court is well familiar with Mazzio's conduct before, during and following January 6. The Government incorporates by reference its discussion of the factual background laid out in the plea agreement Statement of Offense (ECF 27), the government's original sentencing memorandum (ECF 33), and the Presentence Report (ECF 31). The Government presents the following condensed recitation of that background for the Court's convenience.

- Mazzio traveled from Alabama to Washington, D.C. adorned in body armor, a gas mask, and camouflage fatigues, and entered the Capitol, despite seeing tear gas and rubber bullets.

- Mazzio entered the sensitive area of then-Speaker Nancy Pelosi's office suite; there he banged on one of the doors to an internal room.

- Inside the Capitol, Mazzio made statements to a reporter regarding the need to "take a

- stand" and wanting "these people to be held accountable."
- Mazzio stayed inside the Capitol for approximately one hour
- After January 6, 2021, Mazzio joined a group known as "Three Percenters" (a.k.a. "III%ers" or "threepers").
- During his post-arrest interview, Mazzio demonstrated a lack of remorse.

*See* ECF 27 at 3-4; *see also* ECF 33 at 2, 3-11; *see also* ECF 31 at 4-5.

## II.     Procedural Background

On March 22, 2022, the Government filed a Complaint that charged Mazzio with violating 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G).  (ECF 1.)  On April 4, 2022, FBI agents arrested Mazzio at his home in Alabama.  (ECF 5.)  On June 13, 2022, the Government filed a one-count Information that charged Mazzio with violating 40 U.S.C. § 5104(e)(2)(G).  (ECF 20.)  On June 24, 2022, Mazzio pleaded guilty to Count One of the Information, which charged Little with violating 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building.

This Court held the initial sentencing hearing on October 5, 2022, and imposed judgment on that date.  In its judgment, the Court accepted the plea to Count One of the Information, and ordered a 60-day term of imprisonment; 36 months' probation; $500 restitution; and a $10 special assessment.  (ECF 41.)

As a result of *United States v. Little*, 78 F.4th 453, 454 (D.C. Cir. 2023), this Court held a resentencing hearing on January 31, 2024.  At that time the Court imposed 46 months' probation, with credit for 34 months.  (ECF 52.)  This Court authorized supervision, but not the jurisdiction, of this case to be transferred to the United States District Court for the Middle District of Alabama.

Mazzio now seeks early termination of his probation.  (ECF 54.)

**III.     Legal Authority**

Pursuant to 18 U.S.C. § 3564(c), a court has discretion to terminate a term of probation imposed in a misdemeanor case at any time "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*; *see also United States v. Hartley*, 34 F.4th 919 (10th Cir. 2022) (holding that a district court must make individualized determinations based on the applicable statutory criteria before responding to a request to modify a sentence); *cf. United States v. Ferrell,* 234 F.Supp.3d 61, 63 (D.D.C. 2017) (same holding for considering early termination of probation in felony case).

As many courts have recognized, mere compliance with the conditions of probation does not warrant early termination. Although "extraordinary circumstances . . . are not necessary for such termination," they "may be sufficient to justify early termination of a term of supervised release." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

**IV.     ANALYSIS**

    **A.     Mazzio Has Not Demonstrated New or Unforeseen Circumstances that Warrant Early Termination of Probation.**

Mazzio's Motion points out his compliance with supervision, which the government has no reason to contest. Mazzio sets forth his desire to relocate his family to Lake Wales, Florida to closer to his grandparents and to his wife's parents.

While Mazzio's compliance with the terms of probation is commendable, it is not a valid basis upon which to terminate probation early. Compliance is the expectation. Further, Mazzio had all the same family support, employment, etc. on January 6, 2021 that he has had since his

3

sentencing; hoswever, that did not prevent him from carrying through on his desire to enter the United States Capitol during the Electoral College certification on January 6, 2021. The full 46-month term of probation is necessary to ensure that Mazzio continues to refrain from engaging in criminal activity, especially with a highly-contested election less than 60 days in the future. The government suggests a transfer of supervision, but not jurisdiction, to Florida would allow him to relocate as desired, while still providing necessary supervision.

### B.   Early Termination of Mazzio's Probation Does Not Serve the Interest of Justice.

Looking to the sentencing factors under 18 U.S.C. § 3553(a), early termination of probation here would not serve the interest of justice. As to the nature and circumstances of the offense, § 3553(a)(1), Mazzio traveled from Alabama to Washington, D.C.; once there, he entered the Capitol despite rubber bullets and tear gas while adorned in body armor, a gas mask, and camouflage fatigues; once inside, he entered the sensitive area of then-Speaker Nancy Pelosi's office suite; there he banged on a door to an internal room; Mazzio made statements to a reporter inside the Capitol regarding the need to "take a stand" and wanting "these people to be held accountable;" he stayed inside for one hour; and after January 6, 2021, Mazzio joined a militant group known as "Three Percenters."

As to other sentencing factors—the history and characteristics of the defendant, § 3553(a)(1); the need for the sentence to reflect the seriousness of the offense and promote respect for the law, § 3553(a)(2)(A); and the need for the sentence to afford adequate deterrence, § 3553(a)(2)(B)—this Court carefully considered these factors in imposing 46 months of probation. Mazzio's request for a reduction in that period would undercut this Court's balancing of the § 3553(a) factors after hearing from the government, defense counsel, and Mazzio at the sentencing and re-sentencing hearings.

Further undermining the interest of justice, granting Mazzio's motion for early termination may result in sentencing disparities between him and similarly situated January 6 defendants. 18 U.S.C. § 3553(a)(6); *see also United States v. Yung*, 1998 WL 422795, at *2 (D. Kan. June 12, 1998) (noting that if the court were to terminate the defendant's supervision early, "it would subvert the underlying policy of the Federal Sentencing Reform Act of 1984 to eliminate sentencing disparity among defendants guilty of similar offenses" and that the defendant's role in the conspiracy made him "more culpable than other convicted participants").

Since Mazzio's sentencing, scores of additional Capitol-breach defendants have been sentenced. To aid sentencing courts, the government has developed a table providing additional information about sentences imposed on other defendants that is available at www.justice.gov/file/1567746/download. As demonstrated by this table, terminating Mazzio's probationary sentence would result in sentencing disparities with similarly situated defendants.

## V.     Conclusion

For the reasons set forth above, the government respectfully requests that the Court deny Defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:     */s/ Jacqueline Schesnol*
        Assistant United States Attorney
        JACQUELINE SCHESNOL

## CERTIFICATE OF SERVICE

On this 10th day of September 2024, a copy of the foregoing was served upon all parties via the Electronic Case Filing (ECF) System.

>   */s/ Jacqueline Schesnol*
>   JACQUELINE SCHESNOL
>   AZ Bar No. 016742
>   Assistant United States Attorney
>   United States Attorney's Office  (USAO)
>   District of Arizona
>   Previously detailed to the USAO for  the District of D.C.
>   40 N. Central Ave, Suite 1800
>   Phoenix, AZ, 85004
>   Telephone: 602-514-7500
>   jacqueline.schesnol@usdoj.gov